IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BRIAN MOCK                                                                                    PLAINTIFF

v.                                                                                    No. 4:06CV70-D-A

LORENE SCOTT, ET AL.                                                                      DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of state inmate Brian Mock (# R6749), who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that he was wrongly found guilty of prison Rule Violation Report #602465, thus erroneously removing some meritorious earned time from his institutional file and causing his release date to be delayed. The entry was removed from the plaintiff's institutional computer records June 15, 2005 – and from his Legato and paper records on August 25, 2005. The plaintiff filed suit in the Circuit Court of Sunflower County, Mississippi, Civil Action No. 2005-0456(CM)(S), and that case was dismissed as moot August 30, 2005. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### *Res Judicata* and Collateral Estoppel

All of the claims the plaintiff brings in this case are barred by the doctrine of *res judicata,* (claim preclusion), and by the related doctrine of collateral estoppel (issue preclusion). *Res judicata* means "a thing decided;" the doctrine states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and their privies; therefore,

attempts to litigate the matter further are barred. *Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1876), *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). *Res judicata* bars a plaintiff from bringing a second suit based upon the same event or series of events by asserting additional facts or proceeding under a different legal theory; the doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *see also Goldberg v. R. J. Longo Constr. Co.*, 54 F.3d 243, 246 (5th Cir. 1995) (*res judicata* bars claims that were or could have been raised in prior actions). In the Fifth Circuit *res judicata* bars a claim if: (1) the parties are the same in both actions, (2) the prior judgment is rendered by a court of competent jurisdiction, (3) the prior judgment was final on the merits; and (4) the cases involve the same cause of action. *Travelers Ins. Co. v. St. Jude Hospital of Kenner*, 37 F.3d 193, 195 (5th Cir. 1994). Two cases involve the same cause of action if both cases arise out of the same nucleus of operative facts. *Id.* Collateral estoppel, or issue preclusion, on the other hand, precludes relitigation of issues actually adjudicated, and essential to the judgment, in prior litigation involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980).

The doctrine of *res judicata* bars the plaintiff from relitigating any claims arising out of Rule Violation Report #602465 and any suits arising out of those events as to any parties he actually sued regarding those events. Therefore, under the doctrine of claim preclusion, all of the plaintiff's claims against the defendants should be dismissed for failure to state a claim. Further, under the doctrine of issue preclusion, the plaintiff's claims regarding the Rule Violation Report

must be dismissed as frivolous, as valid judgments have been entered against the plaintiff in state court in Mississippi covering these precise issues. Therefore, under the doctrines of claim preclusion and issue preclusion, the plaintiff's claims against all defendants must be dismissed for failure to state a claim upon which relief could be granted.

*Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994)

The plaintiff disputes the validity of the invalidation of his meritorious earned time, and, should the plaintiff prevail on this claim, he would be entitled to accelerated release. The plaintiff thus does not challenge the conditions of his confinement, as required under 42 U.S.C. § 1983; he instead challenges the fact and duration of his confinement, a claim which he should have brought as a *habeas corpus* claim under 28 U.S.C. § 2254. A claim under 42 U.S.C. § 1983 does not accrue until the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). As the plaintiff has not shown that his conviction or sentence has been reversed, expunged, invalidated or impugned by the grant of a writ of *habeas corpus*, his claim under 42 U.S.C. § 1983 is not ripe for consideration and should be dismissed without prejudice to his ability to file a *habeas corpus* claim under 28 U.S.C. § 2254. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 8th day of May, 2006.

/s/ Glen H. Davidson
Chief Judge